**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

**DARNELL WESLEY MOON,**

              **Petitioner,**

**vs.**                         **Case No. 12-cv-636-DRH**

**WENDY J. ROAL,**

               **Respondent.**

**<u>MEMORANDUM AND ORDER</u>**

**HERNDON, Chief Judge:**

       Darnell Wesley Moon, currently incarcerated in United States Penitentiary – Marion, Illinois (USP-Marion), brings this habeas corpus action pursuant to 28 U.S.C. § 2241 to challenge the constitutionality of his confinement.  Without commenting on the merits of petitioner's claims, the Court concludes that the petition survives preliminary review under Rule 4 and Rule 1(b) of the Rules Governing Section 2254 Cases in United States District Courts.[1]  The Court also **DENIES AS MOOT** petitioner's Motion for Status (Doc. 10) as the petition has now passed the Court's preliminary review stage.

       **IT IS HEREBY ORDERED** that respondent shall answer or otherwise plead within thirty days of the date this order is entered.  This preliminary order

---

[1] Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases.

to respond does not, of course, preclude the government from raising any objection or defense it may wish to present.  Service upon the United States Attorney for the Southern District of Illinois, 750 Missouri Avenue, East St. Louis, Illinois, shall constitute sufficient service.

**IT IS FURTHER ORDERED** that pursuant to Local Rule 72.1(a)(2), this cause is referred to a United States Magistrate Judge for further pre-trial proceedings.

**IT IS FURTHER ORDERED** that this entire matter be **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), should all the parties consent to such a referral.

Petitioner is **ADVISED** of his continuing obligation to keep the Clerk (and each opposing party) informed of any change in his whereabouts during the pendency of this action.  This notification shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs.  Failure to provide such notice may result in dismissal of this action.  *See* Fed.R.Civ.P. 41(b).

**IT IS SO ORDERED.**

Signed this 14th day of August, 2012.

Digitally signed by David R. Herndon
Date: 2012.08.14 14:50:03 -05'00'

**Chief Judge**
**United States District Judge**