IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**DARNELL WESLEY MOON,**

**Petitioner,**

v.                                                         No.12-cv-636-DRH-DGW

**J. S. WALTON,**

**Respondent.**

## MEMORANDUM & ORDER

**HERNDON, Chief Judge:**

This matter is before the Court on the motion to dismiss filed by respondent on October 29, 2012 (Doc. 20). For the reasons set forth below, the motion is **DENIED** and respondent is directed to file an answer to the petition by July 29, 2013.

### I.   BACKGROUND

At some point prior to August 19, 2011, petitioner wrote a letter to Terri Houston who lives in Meridian, Mississippi. The letter was written and signed by petitioner, an inmate at the Federal Correctional Center Terre Haute. However, the envelope contained the return address of petitioner's cellmate, Tony Richardson, who is Ms. Houston's son. Writing a letter and using another inmate's return address is deemed an attempt to "circumvent the mail monitoring procedures" and petitioner, who is "on Mail Restriction," was written up for "[u]se of the mail for abuses other than criminal activity" (Doc. 1, p. 12). Petitioner was

given a copy of the incident report on August 19, 2011 (*Id.*).

The matter was referred to the Discipline Hearing Officer (DHO) who held a hearing on September 22, 2011 (*Id*. at 13-14). At the hearing, petitioner stated that he wrote the letter on Richardson's behalf because Richardson "doesn't have a good relationship with [his mother]" and Richardson also testified that he asked petitioner to write to his mother on his behalf (*Id.* at 14). The Hearing Officer did not believe petitioner, or at least did not believe that petitioner was writing on behalf of Richardson. Instead, the Hearing Officer found that the letter was not written in the "third person" (i.e. petitioner did not pen a letter for Richardson to sign), the letter contained content that indicated that it was expressing petitioner's sentiment, not Richardson's, the letter did not contain legal terminology (which belies petitioner's contention that he was acting as Richardson's "jail house lawyer"), and, Richardson seems capable of sending out his own letters (*Id.* at 15-16). Petitioner was therefore found guilty of using the mail in an unauthorized manner and was sanctioned, among other things, to the loss of 27 days of good conduct credit. Petitioner received a copy of the DHO's decision on November 4, 2011 (*Id.* at 11, 17).

Petitioner elected to appeal the DHO's decision by filling out Form BP-10 on November 7, 2011 (*Id.* at 25). In his verified petition, petitioner states that he gave the appeal to his Unit Manager, Boyer, for mailing but that she "began to impede my exhaustion of remedies, by intentionally mailing my legal mail out late" in retaliation for filing grievances (*Id.* at 11). Thus, the appeal was not received by the

Regional Office until December 5, 2011 and it was rejected as untimely (*Id.* at 24). Petitioner appealed to the Central Office on March 7, 2012. It was returned to him for failure to appeal to the correct level (*Id.* at 22). A subsequent (second) appeal to the Regional Office, dated March 30, 2012, was also rejected as untimely (*Id.* at 26-27).

Attached to the petition is a memorandum from H. Rivas, Acting Unit Manager, to the Administrative Remedy Coordinator regarding petitioner's grievances. The memorandum states: "Inmate Moon, Darnell #34077-044, has been in transit and he did not receive his property until January 24, 2012. Therefore, these administrative remedies should not be counted as being late" (*Id.* at 21). One of the listed administrative remedies is "#667466-R1" which is the number assigned to petitioner's first appeal to the Regional Office (*Id.* at 21, 24).

Attached to the motion to dismiss is the affidavit of Katherine Siereveld, an attorney advisor with the Bureau of Prisons ("BOP"). Ms. Siereveld indicates that she has reviewed records maintained by the BOP and that petitioner was not in transit until December 20, 2012 (Doc. 20-1, p. 5, ¶ 11). Respondent, however, does not address petitioner's claim that he timely forwarded his appeal for mailing but that prison officials failed to actually mail the appeal in a timely manner. Respondent also does not address the merits of this habeas petition.[1]

---

[1] Petitioner claims that his rights were violated at the DHO hearing because he was not allowed to call a witness, because his conviction was not supported by evidence, and because the incident report was written in retaliation for petitioner's grievance writing. This Court offers no opinion on the validity of any of petitioner's claims.

## II.     CONCLUSIONS OF LAW

Title 28 U.S.C. § 2241 generally allows a federal prisoner to challenge the fact or duration of his confinement on grounds that are usually unrelated to his underlying conviction and sentence. *Walker v. O'Brien*, 216 F.3d 6265, 629 (7th Cir. 2000); *Valona v. United States*, 138 F.3d 693, 694 (7th Cir. 1998). While the section does not contain an exhaustion requirement, it is within this Court's discretion to require petitioner to exhaust administrative remedies provided by the BOP prior to filing suit. *See Carthy v. Madigan*, 503 U.S. 140, 144; *Clemente v. Allen*, 120 F.3d 703, 705 (7th Cir. 1997); *see also Richmond v. Scibana*, 387 F.3d 602, 604 (7th Cir. 2004). The BOP has well-defined and established administrative remedy procedures that petitioner could have employed prior to filing suit. *See* 28 C.F.R. § 542.10, *et seq.* The purpose of exhausting administrative remedies prior to filing suit is to allow the BOP to address petitioner's claim and potentially provide swifter relief than would be possible in a federal lawsuit. *See Woodford v. Ngo*, 548 U.S. 81, 89 (2006). If an inmate is appealing the decision of the DHO, he must appeal to the Regional Director within 20 days following the DHO's decision by filling out form BP-10. 28 C.F.R. § 542.14(d)(2) and § 542.15(a). If unsatisfied with the Regional Director's response, he must file form BP-11 to the General Counsel/Central Office within 30 days of the Regional Director's response. *Id.* §542.15(a). The burden is upon respondent to show that petitioner failed to exhaust his remedies. *See Walker v. Thompson*, 288 F.3d 1005, 1009-1010 (7th Cir. 2002).

> Exhaustion can be excused when:
>
> (1) requiring exhaustion of administrative remedies causes prejudice, due to unreasonable delay or an indefinite timeframe for administrative action; (2) the agency lacks the ability or competence to resolve the issue or grant the relief requested; (3) appealing through the administrative process would be futile because the agency is biased or has predetermined the issue; or (4) where substantial constitutional questions are raised.
>
> *Gonzalez v. O'Connell*, 355 F.3d 1010, 1016 (7th Cir. 2004).

In other contexts, exhaustion can also be excused when "prison officials prevent inmates from using the administrative process . . . ." *Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006) (discussing when administrative remedies become unavailable pursuant to the Prison Litigation Reform Act). Moreover, when considering whether common-law exhaustion requirements have been met, the Court may consider whether, in a particular case, the requirement is waived because an "agency had placed unreasonable restrictions on access to them." *See Glisson v. U.S. Forest Service*, 55 F.3d 1325, 1327 (7th Cir. 1995).

Respondent does not address petitioner's statement that he was thwarted from filing a timely appeal to the Regional Office by a prison official who intentionally delayed mailing his appeal. Thus, the only evidence before the Court is petitioner's statement that he timely submitted his appeal to his unit manager but that she intentionally waited until after the deadline for appeal in order to mail it. Petitioner also attempted to appeal the Regional Office's denial and attempted to follow the Central Office's direction by submitting a second appeal to the Regional Office. There is no evidence or even argument that petitioner had the capability of

mailing the appeal himself, that his unit manager did timely mail the appeal upon receipt, or that petitioner's statements are beyond belief because, for example, he failed to file a grievance regarding his unit manager's conduct. The burden is upon respondent to show that petitioner failed to exhaust his administrative remedies and respondent has failed to meet his burden. Intentionally preventing an inmate from exhausting his administrative remedies would certainly waive such a defense in this Court. Notwithstanding this conclusion, this Court offers no opinion on the merit of petitioner's claims at this time.

### III. CONCLUSION

For the foregoing reasons, the motion to dismiss filed by Respondent, J. S. Walton, on October 29, 2012 (Doc. 20) is **DENIED** and respondent is directed to file an answer to the petition by **July 29, 2013**.

**IT IS SO ORDERED.**

Signed this 9th day of July, 2013.

Digitally signed by David R. Herndon
Date: 2013.07.09 09:42:59 -05'00'

**Chief Judge**
**United States District Court**