IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **DARNELL WESLEY MOON,** | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Civil No. 12-cv-636-CJP[1] |
| | ) |
| **J. S. WALTON,** | ) |
| | ) |
| Respondent. | ) |

**MEMORANDUM and ORDER**

**PROUD, Magistrate Judge:**

Darnell Wesley Moon filed a petition for writ of habeas corpus under 28 U.S.C. §2241 challenging the loss of 27 days of good conduct credit imposed as a sanction pursuant to a prison disciplinary proceeding. (Doc. 1).

**Relevant Facts and Procedural History**

Moon is serving a 92 month sentence for armed bank robbery, conspiracy to interfere with interstate commerce by robbery, and false claims to the Internal Revenue Service. His projected release date via good conduct credit is August 5, 2014. See, Doc. 38, p. 10.

On August 19, 2011, petitioner Moon was assigned to FCC Terre Haute. A correctional officer there discovered that Moon had written a letter to a woman named Terri Houston, but used his cellmate's name and register number on the return address. The officer wrote an incident report charging Moon with "Use of

---

[1] This case was assigned to the undersigned for final disposition upon consent of the parties pursuant to 28 U.S.C. §636(c). See, Doc. 45.

1

the mail for abuses other than criminal activity (Using fictitious return address in an attempt to send or receive unauthorized correspondence.)"  Doc. 38, pp. 15-16.  Moon appeared before the Unit Disciplinary Committee and stated that he was on mail restriction.  He stated that he was helping his cellmate with "legal documents" and he had his cellmate's permission to write the letter.  The UDC referred the matter to a Disciplinary Hearing Officer (DHO).  Doc. 38, p. 17.

Moon was given written notice of the hearing.  He requested that Lt. Reiser act as his staff representative, but Lt. Reiser declined.  He requested the appearance of one witness, his cellmate, Tony Richardson.  Doc. 38, p. 23.

The disciplinary hearing was started on September 16, 2011, and was reconvened September 22, 2011.  Moon appeared and stated that he knew he was on mail restriction, but he wrote a letter to Tony Richardson's mother for him because Richardson did not have a good relationship with his mother.  Moon also stated that he was helping Richardson with legal activities and that Richardson did not know how to word legal issues.  He acknowledged that Richardson's name and number were on the envelope.  Richardson appears and stated that he asked Moon to write to his mother because he was too upset to do so himself.  Doc. 38, pp. 11-14.

The letter that was written by Moon is at Doc. 38, pp. 19-20.  The letter begins "Lynn, with all due respect, my name is Darnell.  I'm writing you on behalf of Tony."  In the letter, Moon offers his assessment of the merits of Tony Richardson's civil case against the BOP, and urges the recipient to get a new

2

lawyer to represent Tony in that case.  The letter is signed "Sincerely, D. Moon."

The DHO found Moon guilty of a violation of Code 296, use of mail for abuses other than criminal activity.  He was sanctioned with loss of 27 days of good conduct credit, 60 days phone restriction and 60 days commissary restriction.  Doc. 38, pp. 13-14.

The Court has already determined that Moon should be deemed to have exhausted his remedies using the BOP's Administrative Remedy Program.  See, Doc. 30, Order denying respondent's motion to dismiss.

## Claims Raised in the Petition

Petitioner claims that his due process rights were violated in the following respects:

1. The DHO failed to call Lt. Reiser as a witness.  Lt. Reiser could have testified that Moon was not informed that he was on general correspondence restriction.

2. There was no evidence to support the finding that he used a fictitious return address or that he abused the mail.

3. The incident report was written to retaliate against Moon for assisting his cellmate with legal matters and submitting grievances about conditions of confinement.

## Applicable Legal Standards

Inmates in the custody of the Bureau of Prisons can challenge the loss of good conduct credit by way of a petition for habeas relief pursuant to 28 U.S.C. §2241.  **Jackson v. Carlson, 707 F.2d 943, 946 (7th Cir. 1983).**

Inmates retain due process rights in connection with prison disciplinary proceedings, but such proceedings "are not part of a criminal prosecution, and

3

the full panoply of rights due a defendant in such proceedings does not apply." **Wolff v. McDonnell, 94 S.Ct. 2963, 2975 (1974).** The minimum requirements of due process in such proceedings are (1) receipt of written notice of the charges in advance of the hearing, (2) an opportunity to be heard before an impartial decision maker, (3) the right to call witnesses and present evidence where same will not be unduly hazardous to safety or correctional goals, and (4) a written statement as to the evidence relied on and the reason for the decision. **Wolff, 94 S.Ct. at 2978-2980; Henderson v. U.S. Parole Commission, 13 F.3d 1073, 1077 (7th Cir. 1994).**

The findings of the disciplinary hearing officer must be supported by "some evidence in the record." **Superintendent v. Hill, 105 S.Ct. 2768, 2773 (1985).** This Court can overturn the decision "only if no reasonable adjudicator could have found [petitioner] guilty of the offense on the basis of the evidence presented." **Id**.

Under the "some evidence" standard, this Court does not reweigh the evidence or determine credibility. **Meeks v. McBride, 81 F.3d 717, 720 (7th Cir. 1996)**. The evidence need not be sufficient to logically exclude any result except the one reached by the prison decision maker. **Viens v. Daniels, 871 F. 2d 1328, 1334-1335 (7th Cir. 1989)**. Further, only evidence that was presented to the hearing officer is relevant to the determination of whether there was "some evidence." **Hamilton v. O'Leary, 976 F.2d 341, 346 (7th Cir. 1992).**

## Analysis

Petitioner has not demonstrated that he was denied due process in connection with the disciplinary proceedings.

Petitioner's first point is refuted by the record. He claims that the DHO denied his request to call Lt. Reiser as witness to testify that Moon had not been informed that he was on restricted mail status. However, the Notice of Discipline Hearing attached to the petition indicates that Moon requested that Lt. Reiser appear as his representative, and not as a witness. Moon requested only one witness, his cellmate Tony Richardson, who appeared at the hearing. See, Doc. 1, Ex. B, p. 18. Further, the significance of Lt. Reiser's anticipated testimony is far from clear. The DHO"s report indicates that Moon stated that he knew he was on mail restriction. Doc. 38, p. 12.

After Lt. Reiser declined to act as Moon's representative, another staff member did so. See, Doc. 38, pp. 12, 23. Moon raises no claim with respect to his staff representative, and he could not do so. Where the inmate is literate and the case is not complex, there is no right to assistance from a staff member. **Wolff, 94 S. Ct. at 2982.** In any event, Moon had the assistance of a staff member; he was not entitled to the assistance of the staff member of his choosing.

Petitioner's second point is that there was no evidence that he abused the mail. He focuses on the DHO's finding that he used a "fictitious address." Moon argues that the return address was not "fictitious" because it was the correct address of the prison. That is beside the point. Both he and his cellmate admitted, as they had to, that the return address on the envelope listed the

5

cellmate's name and register number. Therefore, the return address was fictitious as to Moon because a letter from Moon was placed in an envelope with a different inmate's name and register number. As the DHO observed in her report, "Inmates are not permitted to avoid monitoring by sending out their own correspondence under another inmate's name and register number." Doc. 38, p. 13.

The findings in prison disciplinary proceedings need only be supported by "some evidence." **Superintendent v. Hill, supra**. "The 'some evidence' standard is less exacting than the preponderance of the evidence standard, requiring only that the decision not be arbitrary or without support in the record." **McPherson v. McBride, 188 F.3d 784, 786 (7th Cir.1999).**

The evidence before the DHO established that Moon wrote a letter to Richardson's mother and mailed it in an envelope bearing Richardson's name and register number. This constitutes "some evidence" to support the DHO's findings.

Moon argues that he wrote the letter at his cellmate's request and to assist his cellmate with his tort claim against the BOP. These circumstances in no way negate the fact that there was "some evidence" to support the DHO's decision. This Court's role does not extend to reweighing the evidence. **Meeks, 81 F.3d at 720**. Moon also argues that he has a right to assist other inmates with their legal matters. However, the Supreme Court has "decline[d] to cloak the provision of legal assistance with any First Amendment protection above and beyond the protection normally accorded prisoners' speech." **Shaw v. Murphy, 121 S. Ct.**

6

**1475, 1480 (2001)**.  Any right to assist another inmate with legal matters would not give Moon a right to violate the prison's rules regarding mail.

Lastly, Moon argues that the incident report was written to retaliate against him for exercising his First Amendment rights.  Moon chose to bring a habeas case.  The issue here is whether the petitioner was afforded due process as defined by the Supreme Court in *Wolff, supra*.  As long as he did, and the decision was supported by "some evidence," the motivation for the report is irrelevant.  *McPherson v. McBride*, **188 F.3d 784, 787 (7th Cir. 1999), and cases cited therein.**

The Court notes that Moon also prays for compensatory damages for the loss of his privileges and for a declaration that the report was written in retaliation for the exercise of his First Amendment rights.  However, such relief is not available in a §2241 proceeding.

## Conclusion

Petitioner has not demonstrated that he was denied due process in connection with the disciplinary proceedings.  Therefore, the Petition for Writ of Habeas Corpus Under 28 U.S.C. §2241 **(Doc. 1)** is **DENIED.**

The Clerk of Court shall enter judgment in favor of respondent.

**IT IS SO ORDERED.**

**DATE:  February 26, 2014.**

>**s/ Clifford J. Proud**
>**CLIFFORD J. PROUD**
>**UNITED STATES MAGISTRATE JUDGE**